FILED
2024 May-08  AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |
|---|---|
| State of ALABAMA, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>Miguel CARDONA, in his official capacity<br>as the U.S. Secretary of Education, *et al.*,<br>*Defendants*. | Case No.  7:24-cv-00533-GMB |

## DECLARATION OF JIM PURCELL
## (ALABAMA)

1.      I am over the age of eighteen and under no mental disability or impairment. I have personal knowledge of the following facts and, if called as a witness, would competently testify to them.

2.      I am the Executive Director of the Alabama Commission on Higher Education. I have been in this position since 2017.

3.      The Commission is the state agency responsible for the overall statewide planning and coordination of higher education in Alabama, the administration of various student-aid programs, and the performance of designated regulatory functions. The Commission seeks to provide reasonable access to quality collegiate and university education in Alabama. The agency also provides a state-level framework for institutions to respond cooperatively and individually to the needs of Alabamans. The Commission is a statewide 12-member lay board appointed by the Governor, Lieutenant Governor, and Speaker of the House and confirmed by the Senate.

4.      I have personal knowledge about Alabama's relationship with the federal government as it relates to postsecondary education.

1

5.      Ala. Code §16-5-1(1) defines public institutions of higher education as "those public educational institutions in Alabama which have been authorized by the Legislature or by the constitution to provide formal education, including vocational, technical, collegiate, professional or any other form of education, above the secondary school level."

6.      Alabama currently has 14 public universities and 24 public community and technical colleges, which collectively serve approximately 253,000 students.

7.      All of Alabama's public higher education institutions operate under the authority granted to them by the State, and their governing boards are presided over by the Governor of Alabama ex-officio.

8.      All of Alabama's public higher education institutions receive federal funds and are subject to the requirements of Title IX.

9.      Public higher education institutions received approximately $1.7 billion in federal funding in fiscal year FY 2021-22, and they use federal funds for many purposes, including student loans, student grants, research, veterans' affairs, emergency assistance and economic recovery.

10.     Private postsecondary institutions operating in Alabama are subject to regulation by the Alabama Secretary of State under the provisions of Ala. Code §10 and §10A, as well as regulation by the Private School Licensing Division of the Alabama Community College System under the provisions of Ala. Code §16-46-1 et seq. ("Regulation of certain schools and courses of instruction").

11.     Alabama has 39 private postsecondary institutions operating in the state, which collectively provided some level of in-person instruction to over 21,000 students. All but two

of the private postsecondary institutions were eligible to participate in federal Title IV student aid programs according to the Integrated Postsecondary Education Data System (IPEDS - 2020).

12.     I understand that, on April 29, 2024, the U.S. Department of Education published a new regulation under Title IX, titled *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*. That regulation, among other things, redefines "sex" to include gender identity and sexual orientation, broadens the definition of sexual harassment, and creates new enforcement procedures under Title IX.

13.     I believe that unless a court steps in, this new rule will harm Alabama, its colleges and universities, and its students, including the students who attend private colleges in Alabama.

14.     The rule conflicts with many Alabama laws that govern public institutions of higher education. See, *e.g.*, Ala. Code §16-68-2(4) ("Harassment. Expression that is so severe, pervasive, and objectively offensive that it effectively denies access to an educational opportunity or benefit provided by the public institution of higher education."); Ala. Code §16-68-3(a)(10) ("That the public institution of higher education shall prohibit harassment in a manner consistent with the definition provided in this chapter, and no more expansively than provided herein."); Ala. Code §16-1-52 ("Participation in athletic events to be based on biological sex of athletes.").

15.     If schools do not bring their policies in line with the Department's rule, they face severe consequences. If any program or activity at one of Alabama's public higher-education institutions is determined not to be in compliance with the requirements of Title

IX, the Department has the option to terminate federal funding to that program or activity. The loss of federal funds to Alabama's public higher-education institutions would require these institutions either to eliminate certain educational services currently offered or to seek new funding to pay for those services. These proceedings—even just investigations by the federal government—will likely be expensive and time-consuming for institutions, institutional officials, and the State.

16.     At the same time, it will take substantial time and money to review the new rule and existing policies, to determine what the rule requires, and to act to come into compliance with it. To take just one example, virtually every public university in Alabama has a Title IX policy that tracks the 2020 rule—the lengthy regulation that this new rule will repeal and replace. See, *e.g.*, *Title IX Harassment*, Auburn Univ., bit.ly/3xSeGLr; *Policy 01.03.01, Title IX Sex Discrimination*, Univ. of Ala. at Huntsville, perma.cc/Q5Z9-RH8J. All those policies will have to be reviewed, rewritten, and reapproved, similar to the costly and time-consuming efforts that were undertaken to comply with the 2016 and 2020 changes to the Title IX regulations. Additional resources will be required to train officials on the rule and the new policies implementing it.

17.     The rule also substantially expands institutions' enforcement obligations. The rule not only adds responsibility over gender identity and sexual orientation and expands the definition of harassment, but also requires recipients "to promptly and effectively end any sex discrimination in its education program or activity, prevent its recurrence, and remedy its effects"—even when not deliberately indifferent, even when there is no complaint (oral or written), even when the complaint is withdrawn. It requires recipients to provide supportive

measures when there is no complaint, during investigations and grievance procedures, and even after a complaint is dismissed. If the rule goes into effect, compliance costs and burdens for Alabama's postsecondary institutions will increase substantially.

18.     The rule also exposes Alabama and its postsecondary institutions to increased litigation costs and liability. On the one hand, if they do not adopt the Department's new definition of harassment, then they risk enforcement actions by the Department. On the other hand, if they do adopt the Department's definition, then they will be operating contrary to Alabama law as noted above.

19.     Alabama has a substantial interest in ensuring that none of its female students are discriminated against by being forced to compete against men in athletics or share sensitive and private spaces with them consistent with Ala. Code §16-1-52.

Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on ___*5/2*___, 2024.

_____
Jim Purcell
Executive Director of the Alabama
Commission on Higher Education

Sworn to and subscribed before me on this the 2nd day of May, 2024

_Jacinta D. Whitehurst_
Notary Public

My Commission Expires:     _02/21/2027_