IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| State of ALABAMA, *et al.*,<br>*Plaintiffs*,<br>v.<br>Miguel CARDONA, in his official capacity as the U.S. Secretary of Education, *et al.*,<br>*Defendants*. | Case No. 7:24-cv-533-GWB |

### DECLARATION OF DAVID BRICKHOUSE
### (FLORIDA)

1. I am over the age of eighteen and under no mental disability or impairment. I have personal knowledge of the following facts and, if called as a witness, would competently testify to them.

2. I am the Vice President for Legal Affairs and Human Resources for New College of Florida ("New College"), a member of the State University System of Florida. I am also the Interim Title IX Coordinator for New College. I have been in these roles since 2023.

3. As Vice President for Legal Affairs and Human Resources, my responsibilities include the oversight and administration of New College's Office of Title IX and Civil Rights Compliance. As Interim Title IX Coordinator, I am the employee responsible for coordinating New College's compliance with Title IX, and am responsible for overseeing all complaints of sex discrimination and identifying and addressing any patterns or systemic problems that arise during the review of such complaints.

4. All of Florida's public universities, including New College, receive federal funds and are subject to the requirements of Title IX.

1

5. I understand that, on April 29, 2024, the U.S. Department of Education ("USED") published a new regulation under Title IX, titled *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*. That regulation, among other things, redefines "sex" to include gender identity and sexual orientation, broadens the definition of sexual harassment, and creates new enforcement procedures under Title IX.

6. Unless a court steps in, this new rule will harm New College and its students.

7. The rule conflicts with Florida laws that govern public universities. *See, e.g.*, Fla. Stat. Ann. §553.865 (bathrooms); Fla. Stat. Ann. §1006.205 (sports); Fla. Stat. §1000.05(3) (discrimination in sports).

8. If any program or activity at New College is determined not to comply with the requirements of Title IX, USED can terminate federal funding to that program or activity.

9. Compliance with the new rule is burdensome and costly. The rule is over a thousand pages long; it will take substantial time and money to review the rule and existing policies, to determine what the rule requires, and to act to come into compliance with it. To take one example, New College has Title IX policies. These policies will have to be reviewed, rewritten, and reapproved, which is costly and burdensome. It will also take time and money to train officials on the rule and the new policies implementing it.

10. USED agrees. It estimates that the compliance costs will be "$4.6 million to $18.8 million over ten years." 89 Fed. Reg. at 33,851, 33,861. It "acknowledges" that "it will take some time to review requirements and revise policies and procedures to align with [the rule's] requirements." *Id.* at 33,851. It will cost "time," and money "reading and understanding the regulations; revising policies; publishing notices of nondiscrimination; training Title IX

Coordinators; updating training materials;" "conduct[ing] additional training"; and more. *Id.* at 33,851, 33,548. USED also admits that recipients will see "an increase in Title IX complaints" they must administer, a "10 percent increase in the number of investigations" they must conduct, an "increase" in the "supportive measures" they must provide, and an "increase" in "responsiveness to all reports and complaints of sex discrimination." *Id.* at 33,483, 33,492, 33,850, 33,862, 33,868-69.

11. The rule also exposes New College to litigation costs and liability. Lawsuits are expensive, time-consuming, and distracting for universities, university officials, and the State. And the threat of liability, including large awards of attorney's fees, can be devastating.

12. The rule puts universities in a catch-22. If they do not adopt USED's new definition of harassment or the revised procedural protections for the accused, then they risk enforcement actions by USED. But if they do adopt USED's revisions, then they risk lawsuits from students, faculty, and the accused.

13. The same is also true for the rule's redefinition of "sex discrimination" to include gender identity. The rule requires eliminating female-only spaces, even in sensitive areas like bathrooms and locker rooms, which violates Florida law and makes an unsafe environment for women.

14. New College has a substantial interest in ensuring that none of its female students are discriminated against by being forced to compete against men in athletics or share sensitive and private spaces with them. It harms New College if its students' educations are compromised by policies that prevent the free exchange of ideas or that punish students

3

without adequate process. It also harms New College when our administrators are forced to make impossible decisions about complying with this illegal rule or Florida's duly enacted laws.

Per 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May __8__, 2024

_David Brickhouse_

David Brickhouse
Vice President for Legal Affairs & Human Resources and Interim Title IX Coordinator
New College of Florida