UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| State of ALABAMA, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> Miguel CARDONA, in his official Capacity as U.S. Secretary of Education, *et al.*, <br> *Defendants*. | No. 7:24-cv-533-ACA |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION**

## INTRODUCTION

This Court asks, "When an agency engages in rulemaking, can it consider a circuit court decision that is adverse to its proposed rule but nevertheless reject the decision?" Doc. 27 (June 10, 2024). The short answer is not here. When a statute is ambiguous, an agency can sometimes use *Chevron* deference to interpret that statute differently from a court. *Nat'l Cable & Telecom. Ass'n v. Brand X*, 545 U.S. 967 (2005). But here, the prior precedent holds that Title IX is unambiguous; the agency has forfeited any claim to *Chevron* deference; and *Chevron* could soon be overruled.

## ARGUMENT

"[U]nder the doctrine of intercircuit nonacquiescence," an agency "can advance its position before *other* circuits even after one circuit has disagreed." *Georgia v. President of the U.S.*, 46 F.4th 1283, 1304 (11th Cir. 2022) (emphasis added). But agencies, like all litigants, are bound by circuit precedent when they're *in that circuit*. That's why "[i]ntracircuit nonacquiescence has been condemned." *Johnson v. U.S. R.R. Ret. Bd.*, 969 F.2d 1082, 1091 (D.C. Cir. 1992). If "a court rejects an agency's interpretation of a regulation, the agency is not free to simply ignore the ruling within that court's jurisdiction." *Grant Med. Ctr. v. Hargan*, 875 F.3d 701, 708 (D.C. Cir. 2017). "When an agency honestly believes a circuit court has misinterpreted the law, there are two places it can go to correct the error: Congress or the Supreme Court." *Johnson*, 969 F.2d at 1092. So here, the Department can try "to persuade other circuits to reach a contrary conclusion," *id.* at 1093, but this Court

1

has "no … discretion" to reach that conclusion, *Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 72 F.3d 1556, 1559 n.2 (11th Cir. 1996). It's thus surprising that the Department's opposition brief failed to concede that *Adams v. School Board of St. John's County*, 57 F.4th 791 (11th Cir. 2022) (en banc), is directly adverse to its rule.

To be sure, under *Brand X*, an agency is not bound in the same way by a decision that interprets an ambiguous statute. Under the fiction of *Chevron*, ambiguity is an "express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Chevron, USA, Inc. v. NRDC*, 467 U.S. 837, 843-44 (1984). So an agency can exercise that delegation differently (if it does so reasonably). *See Brand X*, 545 U.S. at 981.

But *Brand X* does not help the Department here for three main reasons.

First, the adverse precedent in question—*Adams*—held that Title IX *unambiguously* does not cover "gender identity." An entire section of the decision is titled, "The Statute is Not Ambiguous." 57 F.4th at 812. Because *Chevron* deference is not available for interpretations of unambiguous statutes, *Brand X* cannot apply here. *See Brand X*, 545 U.S. at 982.

Second, even if Title IX were ambiguous, *Chevron* deference would still be unavailable. Before finding an ambiguity and applying *Chevron*, a court must "em-

2

plo[y] traditional tools of statutory construction." *Chevron*, 467 U.S. at 843 n.9. Under *Adams*, this Court must apply "the Spending Clause's required clear-statement rule," which requires resolving any ambiguity *against* the Department. 57 F.4th at 815.

Third, the Department has never invoked *Chevron* deference to defend this rule. *See HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 394 (2021) ("[T]he government is not invoking *Chevron*. We therefore decline to consider whether any deference might be due its regulation." (cleaned up)). The Supreme Court "'has often declined to apply *Chevron* deference when the government fails to invoke it.'" *Cargill v. Garland*, 57 F.4th 447, 466 (5th Cir. 2023) (en banc) (citing examples), *aff'd*, __ S. Ct. __, 2024 WL 2981505. "The Government thus forfeited the *Chevron* issue." *Texas v. Biden*, 20 F.4th 928, 961 (5th Cir. 2021), *rev'd on other grounds*, 597 U.S. 785 (2022); *accord, e.g.*, *Tiger Lily, LLC v. HUD*, 5 F.4th 666, 669 (6th Cir. 2021) (same); *Data Mktg. P'ship v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022). Perhaps the Department didn't invoke *Chevron* because the Supreme Court could overrule it any day now in *Loper Bright Enterprises v. Raimondo*, No. 22-451 (U.S.). Either way, this Court should respect the Department's decision not to invoke deference.

As a final note, the Court's question goes only to whether the rule is contrary to law under the APA, not whether it is arbitrary and capricious. If it is arbitrary and

3

capricious—as Plaintiffs argue it is, *see* PI-Br. (Doc. 7-1) 11-46—then neither *Chevron* nor *Brand X* can save it. "*Chevron* deference is not warranted where the regulation is 'procedurally defective.'" *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 220 (2016). "An arbitrary and capricious regulation … is itself unlawful and receives no *Chevron* deference." *Id.* at 222; *see U.S. v. Mead Corp.*, 533 U.S. 218, 227 (2001) (*Chevron* doesn't apply if the regulation is "arbitrary and capricious").

## CONCLUSION

This Court should stay the rule's effective date.

Dated: June 17, 2024

Ashley Moody
  *Attorney General*

*s/ James H. Percival*
James H. Percival (pro hac vice)
  *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for Florida*

Christopher M. Carr
  *Attorney General*

*s/ Stephen J. Petrany*
Stephen J. Petrany (pro hac vice)
  *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Georgia*

Alan Wilson
  *Attorney General*

*s/ Joseph D. Spate*
Joseph D. Spate (pro hac vice)
  *Assistant Deputy Solicitor General*
1000 Assembly Street
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for South Carolina*

Respectfully submitted,

Steve Marshall
  *Attorney General*

*s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
  *Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for Alabama*

*s/ Cameron T. Norris*
Cameron T. Norris (pro hac vice)
Thomas S. Vaseliou (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for IWLC, IWN, PDE, Speech First*

5

## CERTIFICATE OF COMPLIANCE

This brief complies with this Court's orders because it is four pages, excluding the parts that can be excluded, is double-spaced, and is prepared in 14-point Times New Roman.

Dated: June 17, 2024                                      *s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I filed this brief on the Court's electronic filing system, which will email everyone requiring notice.

Dated: June 17, 2024                                      *s/ Cameron T. Norris*