IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*, <br><br> Defendants. | No. 7:24-cv-533-ACA |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION

The Court has asked the parties to address the following question: "When an agency engages in rulemaking, can it consider a circuit court decision that is adverse to its proposed rule but nevertheless reject the decision?" Minute Order (June 10, 2024), ECF No. 27. When an agency engages in rulemaking and considers a circuit court decision, the agency is free to reach a different conclusion on issues of law and apply the relevant rule within the circuit unless the circuit court decision construed the same provisions of the relevant statute and concluded that they were unambiguous. As the Supreme Court has made clear, "[o]nly a judicial precedent holding that the statute unambiguously forecloses the agency's interpretation, and

1

therefore contains no gap for the agency to fill, displaces a conflicting agency construction." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 983-84 (2005). That high bar is not met under the circumstances here.

Defendants understand the Court's question to refer to the Eleventh Circuit's decision in *Adams v. School Board of St. Johns County*, 57 F.4th 791 (11th Cir. 2022) (en banc), and the Department of Education's determination that *Adams* did not foreclose the Department's approach to sex-separate restrooms in the Final Rule, *see* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance (Final Rule), 89 Fed. Reg. 33,474, 33,820-21 (Apr. 29, 2024) (discussing provision to be codified at 34 C.F.R. § 106.31(a)(2)), whether the Rule is being enforced the Eleventh Circuit or elsewhere. In *Adams*, the Eleventh Circuit considered whether a school bathroom policy violated Title IX by requiring separation based on biological sex. In holding that the school's policy did not violate Title IX, the *Adams* Court determined that the word "sex" in Title IX means "biological sex." 57 F.4th at 815. But *Adams* did not address the validity of the Final Rule, nor did it answer the relevant question presented by the Final Rule—that is, whether Title IX's prohibition on "discrimination" requires individuals to be allowed to use bathrooms consistent with their gender identity, even assuming "sex" is defined to mean "biological sex."

Because *Adams* did not construe Title IX in a way that foreclosed the

interpretations reflected in the Final Rule, *Adams* thus does not compel any decision that the Final Rule is inconsistent with circuit precedent.

## BACKGROUND

### I. The Eleventh Circuit's Decision in *Adams*.

*Adams* involved a challenge to a school district policy that "separat[ed] bathrooms based on biological sex, while providing sex-neutral bathroom accommodations for transgender students." 57 F.4th at 798. The en banc court addressed a single question under Title IX: did the school district's "policy of assigning bathrooms based on sex violate Title IX?" *Id.* at 799. The court held that the policy did not violate Title IX, on the grounds that (1) the term "sex" as used in Title IX unambiguously means "biological sex," *id.* at 815, and (2) "Title IX's implementing regulations explicitly allow schools to 'provide separate toilet . . . facilities on the basis of . . . sex,'" *id.* (quoting 34 C.F.R. § 106.33). Although the *Adams* Court did not specifically analyze the issue, it appears to have concluded that the "toilet . . . facilities" addressed in 34 C.F.R. § 106.33 qualify as "living facilities" under 20 U.S.C. § 1686, a statutory "carve-out" that permits Title IX recipients to "maintain[] separate living facilities for the different sexes." *See* 57 F.4th at 811 (quoting 20 U.S.C. § 1686).

### II. The Final Rule's Treatment of Issues Addressed in *Adams*.

As explained in Defendants' prior memorandum, the Final Rule does not adopt a definition of "sex," and does not assume that "sex" means something other

than "biological sex." *See* Defs.' PI Opp'n 2, ECF No. 24 ("[T]he Final Rule does not depend on a particular definition of 'sex'"); Defs.' PI Opp'n 23 n.1 ("[T]he Rule does not define 'sex' to mean 'gender identity.'"); Defs.' PI Opp'n 17 (same). Rather, following the reasoning of *Bostock*, the Rule merely concludes that "[s]ex is necessarily a but-for cause" of discrimination on the basis of gender identity—even assuming "sex" means "biological sex." Defs.' PI Opp'n 8 (quoting *Bostock v. Clayton Cnty.*, 590 U.S. 644, 660 (2020)); *see* 89 Fed. Reg. at 33,808.

Nor does the Final Rule rescind or amend § 106.33, the regulation that states "[a] recipient may provide separate toilet, locker room, and shower facilities on the basis of sex," provided that "such facilities provided for students of one sex" are "comparable to such facilities provided for students of the other sex." 34 C.F.R. § 106.33. Only one portion of the Final Rule touches on the bathrooms issue addressed in *Adams*. The provision to be codified at 34 C.F.R. § 106.31(a)(2) specifies:

> In the limited circumstances in which Title IX or this part permits different treatment or separation on the basis of sex, a recipient must not carry out such different treatment or separation in a manner that discriminates on the basis of sex by subjecting a person to more than de minimis harm, except as permitted by 20 U.S.C. [§]1681(a)(1) through (9) and the corresponding regulations [34 C.F.R.] §§ 106.12 through 106.15, 20 U.S.C. [§] 1686 and its corresponding regulation [34 C.F.R.] § 106.32(b)(1), or § 106.41(b). Adopting a policy or engaging in a practice that prevents a person from participating in an education program or activity consistent with the person's gender identity subjects a person to more than de minimis harm on the basis of sex.

4

89 Fed. Reg. at 33,887.

As explained in the Final Rule, § 106.31(a)(2)'s specification that a recipient may not carry out sex separation in a manner that subjects a person to more than de minimis harm applies, among other contexts, to sex-separate restrooms and locker rooms under 34 C.F.R. § 106.33. *See* 89 Fed. Reg. at 33,818. The Department explained that § 106.31(a)(2) applies to restrooms and locker rooms because "there is no statutory exception" for sex-separate restrooms and locker rooms. *Id.* at 33,819. The Department considered and rejected the suggestion that bathrooms, locker rooms, and shower facilities qualify as "living facilities" under 20 U.S.C. § 1686. *See id.* at 33,821. Accordingly, pursuant to § 106.31(a)(2), recipients may not prevent a person from using sex-separate restrooms consistent with the person's gender identity. *See id.* at 33,819-21.

## ARGUMENT

A circuit court decision that does not consider the validity of an agency rule only limits the agency's ability to apply a rulemaking within that circuit to the extent that the decision: (1) construes the relevant underlying statute to have a particular meaning, and (2) holds that this construction of the statute "follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." *Brand X*, 545 U.S. at 982. "Only a judicial precedent holding that the statute unambiguously forecloses the agency's interpretation, and therefore contains no gap

5

for the agency to fill, displaces a conflicting agency construction." *Id.* at 982-83. *Adams*, as applied to the Final Rule, does not meet this high bar.

*Adams* did not hold that any language in Title IX has an unambiguous meaning contrary to the Department's interpretation of that language in the Rule. While the general topic addressed in *Adams*—transgender students' access to sex-separate restrooms—is also addressed in the Final Rule, the Department's reasoning was based on different statutory language. The Department's determination in the Final Rule that Title IX prohibits recipients from preventing students from using sex-separate restrooms consistent with their gender identity rests on its interpretation of the statutory term "discrimination," which the Eleventh Circuit did not consider in *Adams*. Specifically, the Department's conclusion is based on its interpretation of the term "discrimination" as understood through longstanding precedents holding that different or separate treatment is discriminatory only if it causes some harm. *See* 89 Fed. Reg. at 33,814-15 (discussing provision to be codified at 34 C.F.R. § 106.31(a)). There is little overlap between the Department's reasoning in the Rule and the Eleventh Circuit's reasoning in its opinion, and *Adams* neither precluded the interpretations reflected in § 106.31(a)(2) nor prevents this Court from upholding those interpretations.

***First***, there is no conflict between the Rule and *Adams* with respect to the meaning of the term "sex" in Title IX. As noted above, *Adams* held that in Title IX

and its implementing regulations, "sex" means "biological sex." 57 F.4th at 812. There is no conflict between this interpretation and the Final Rule because the Rule expressly states that it is not departing from the *Bostock* Court's assumption that "sex" means "biological sex." 89 Fed. Reg. at 33,802. For example, regarding the provision to be codified at § 106.10, the Department explained why the Rule's description of the general scope of Title IX's prohibition on sex discrimination is correct "even assuming that 'sex' refers to 'biological distinctions between male and female.'" *Id.* at 33,804-05. Neither § 106.31(a)(2) nor any other provision of the Rule rests on an interpretation of "sex" contrary to the one that formed the basis for the Eleventh Circuit's holding in *Adams*.

**Second**, the Department's application of the de minimis harm standard in § 106.31(a)(2) is not precluded by *Adams* because *Adams* did not construe the meaning of "discrimination" under Title IX. The Rule's de minimis harm standard in § 106.31(a)(2) is based on the principle that sex-based different or separate treatment constitutes "discrimination" only if it causes legally cognizable injury. *See* 89 Fed. Reg. at 33,814; Defs.' Opp'n. at 15-17. The Eleventh Circuit did not have available the Final Rule's analysis when it decided *Adams*, and it did not interpret the term "discrimination" in Title IX in that case. Nor did *Adams* consider how the harm element of discrimination might apply to a school district's policies regarding sex-separate bathrooms, or whether preventing a person from using sex-separate

7

facilities consistent with the person's gender identity causes more than de minimis harm. *Cf.* 89 Fed. Reg. at 33,816 (discussing the Department's determination that preventing a person from participating in an education program or activity consistent with the person's gender identity causes more than de minimis harm).

**Third**, *Adams* did not preclude the Department's determination that bathrooms do not qualify as "living facilities" under 20 U.S.C. § 1686.

> As the Department explained in the Final Rule, Section 1686
>
> provides the statutory basis for the Department's housing provision at [34 C.F.R.] § 106.32(b)(1). But that carve-out does not apply to the remainder of § 106.32 or to any other aspects of a recipient's education program or activity for which Title IX permits different treatment or separation on the basis of sex, such as bathrooms, locker rooms, or shower facilities—regulations that the Department adopted under different statutory authority, and which have long been addressed separately from "living facilities."

89 Fed. Reg. at 33,821. While Congress expressly stated that Title IX permits sex-separate living facilities in 20 U.S.C. § 1686, Congress provided no such statutory carve-out for bathrooms. Instead, the Department's regulation specifying that recipients may maintain sex-separate bathrooms, 34 C.F.R. § 106.33, was promulgated under Title IX's general nondiscrimination provision and the Department's authority to issue rules and regulations consistent with achievement of Title IX's objectives, 20 U.S.C. §§ 1681, 1682. *See* 89 Fed. Reg. at 33,821. In the Final Rule, the Department determined that this longstanding regulatory permission to separate bathrooms by sex in § 106.33 is subject to the normal rule that different

8

or separate treatment on the basis of sex is prohibited when it causes more than de minimis harm; thus, recipients may limit a student's ability to use a sex-separated facility based on their sex—even assuming sex refers to "biological sex"—only when doing so does not create such harm. *See id.*

*Adams* did not explicitly interpret Section 1686, let alone hold that the meaning of "living facilities" is unambiguous. *See generally* 57 F.4th at 811, 815. Accordingly, *Adams* did not foreclose the Department from determining that the term "living facilities" in Section 1686 does not include the "toilet, locker room, and shower facilities" addressed in 34 C.F.R. § 106.33. *See Brand X*, 545 U.S. at 982 (explaining that a judicial precedent does not "foreclose an agency from interpreting an ambiguous statute"); *accord Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022).

## CONCLUSION

The Department properly rejected the applicability of *Adams* to the legal issues determined in the Final Rule, and Defendants are not aware of any case that forecloses its interpretation in the Rule. For the foregoing reasons, and the reasons set forth in Defendants' earlier memorandum, the Court should deny Plaintiffs' motion for a § 705 stay and preliminary injunction.

Dated: June 17, 2024

Respectfully submitted,

Brian M. Boynton
Principal Deputy Assistant Attorney General

Emily B. Nestler
Assistant Branch Director

/s/ *Rebecca Kopplin*
REBECCA KOPPLIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20004
Phone: 202-514-3953
Fax: (202) 616-8470
E-mail: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Defendants*