# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| State of ALABAMA, *et al.*, <br>                       *Plaintiffs*, <br> v. <br><br> Miguel CARDONA, in his official Capacity as U.S. Secretary of Education, *et al.*, <br>                       *Defendants*. | No. 7:24-cv-533-ACA |

## **EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL OR ADMINISTRATIVE INJUNCTION**
### (Relief needed by **12pm EST on July 31, 2024**)

Today, this Court denied Plaintiffs' motion for a stay of the effective date or a preliminary injunction of *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024). *See* Doc. 58. That rule's effective date is less than two days away, on August 1. 89 Fed. Reg. at 33,476.

To preserve the status quo ante, Plaintiffs now move for an injunction pending appeal, or at least an administrative injunction pending the Eleventh Circuit's decision on Plaintiffs' forthcoming emergency motion for an injunction pending appeal in that court. The Department opposes. Plaintiffs ask the Court to rule on these motions **as soon as possible or, at a minimum, by noon Eastern on July 31**.

\*

When a court "refuses ... an injunction," it may still "grant an injunction" while "an appeal" from its order "is pending." Fed. R. Civ. P. 62(d). The relevant considerations are essentially the same as the factors for a preliminary injunction. *See Ga. Republican Party, Inc. v. Sec'y of State for Ga.*, 2020 WL 7488181, at \*1 (11th Cir. Dec. 21). Specifically, "[a]n appellant may secure an injunction pending appeal if it establishes a substantial likelihood of success on the merits, irreparable injury in the absence of an injunction, and that the balance of the equities and public interest weigh in favor of an injunction." *Am. All. for Equal Rts. v. Fearless Fund Mgmt.*, 2023 WL 6520763, at \*1 (11th Cir. Sept. 30).

For all the reasons given in Plaintiffs' briefing on the preliminary injunction, which Plaintiffs incorporate here, the factors for an injunction pending appeal are satisfied. *See* Docs. 7-1, 38. The Court's decision, at least, conflicts with *Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791 (11th Cir. 2022) (en banc), which held that Title IX allows sex-separate bathrooms for students based on their biological sex and that *Bostock* cannot be imported into Title IX, and *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022), which held that, when public schools adopt the definition of "harassment" that the rule now requires, they violate the First Amendment. Plaintiffs also stress the six other district courts, and two appellate courts, that agree the whole rule should be preliminarily enjoined. *See* Docs.

50-51, 53-54, 57. But this Court already disagreed when it denied Plaintiffs' preliminary-injunction motion. Repeating those arguments would be futile, and Plaintiffs have just hours to get relief before August 1. Plaintiffs are seeking an injunction pending appeal here because the appellate rules "ordinarily" require them to move in the district court first. Fed. R. App. P. 8(a)(1). This Court should summarily rule on that request, without waiting for a response from Defendants.

\*     \*

This Court should, however, enter an injunction pending disposition of Plaintiffs' forthcoming motion for an injunction pending appeal in the Eleventh Circuit. This Court can grant that "administrative" relief without "consideration of the merits," since that relief merely "'freeze[s] legal proceedings until the court can rule on a party's request for expedited relief.'" *United States v. Texas*, 144 S.Ct. 797, 798 (2024) (Barrett, J., concurring); *accord Klay v. United Healthgroup*, 376 F.3d 1092, 1100 (11th Cir. 2004). This temporary administrative injunction is designed to "minimize harm while an appellate court deliberates." *Texas*, 144 S.Ct. at 798 (Barrett, J., concurring). It is appropriate "whenever it is calculated in the court's sound judgment to achieve the ends of justice." *Klay*, 376 F.3d at 1100.

Administrative relief is appropriate here. It will ensure that the Eleventh Circuit has time to consider these important issues before the rule goes into force and without forcing that court to rush to enter its own injunction before August 1. It will protect Plaintiffs from the substantial "costs" of having to scramble over the next

3

few days to figure out which schools must come into compliance with the rule and how. *Tennessee v. Cardona*, 2024 WL 3453880, at *4 (6th Cir. July 17). And making Defendants wait a few more weeks to enforce the rule, when they waited three years to promulgate it, will not meaningfully harm them. *La. ex rel. Murrill v. U.S. Dep't of Educ.*, 2024 WL 3452887, at *3 (5th Cir. July 17).

\*   \*   \*

This Court should grant Plaintiffs' motion as soon as possible, but at least by noon on July 31.

| | |
|---|---|
| Dated: July 30, 2024 | Respectfully submitted, |
| Ashley Moody<br>  *Attorney General* | Steve Marshall<br>  *Attorney General* |
| *s/ James H. Percival*<br>James H. Percival (pro hac vice)<br>  *Chief of Staff*<br>Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax)<br>james.percival@myfloridalegal.com<br><br>*Counsel for Florida* | *s/ Edmund G. LaCour Jr.*<br>Edmund G. LaCour Jr.<br>  *Solicitor General*<br>Office of the Attorney General<br>State of Alabama<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Fax: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br><br>*Counsel for Alabama* |
| Christopher M. Carr<br>  *Attorney General*<br><br>*s/ Stephen J. Petrany*<br>Stephen J. Petrany (pro hac vice)<br>  *Solicitor General*<br>Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(404) 458-3408<br>spetrany@law.ga.gov<br><br>*Counsel for Georgia* | *s/ Cameron T. Norris*<br>Cameron T. Norris (pro hac vice)<br>Thomas S. Vaseliou (pro hac vice)<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br><br>*Counsel for IWLC, IWN, PDE,<br>Speech First* |
| Alan Wilson<br>  *Attorney General*<br><br>*s/ Joseph D. Spate*<br>Joseph D. Spate (pro hac vice)<br>  *Assistant Deputy Solicitor General*<br>1000 Assembly Street<br>Columbia, SC 29201<br>(803) 734-3371<br>josephspate@scag.gov<br><br>*Counsel for South Carolina* | |

**CERTIFICATE OF COMPLIANCE**

This motion complies with this Court's orders because it is three pages (excluding the parts that can be excluded), double-spaced, and prepared in 14-point Times New Roman.

Dated: July 30, 2024                                     *s/ Cameron T. Norris*

**CERTIFICATE OF SERVICE**

I e-filed this brief with the Court, which will email everyone requiring service.

Dated: July 30, 2024                                     *s/ Cameron T. Norris*