# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **STATE OF ALABAMA, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | |
| ] | **7:24-cv-533-ACA** |
| **MIGUEL CARDONA, in his official** ] | |
| **capacity as the U.S. Secretary of** ] | |
| **Education, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## ORDER

Earlier today, this court denied a motion for a preliminary injunction filed by Plaintiffs (States of Alabama, Florida, Georgia, and South Carolina, the Independent Women's Law Center, Independent Women's Network, Parents Defending Education, and Speech First, Inc.). (Doc. 58). Plaintiffs now move for an injunction pending appeal, under Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1), or alternatively an administrative stay. (Doc. 63). The court **DENIES** the motion.

With respect to the motion for an injunction pending appeal, Rule 62 permits the court to "grant an injunction on terms . . . that secure the opposing party's rights" while the other party appeals the court's order that "refuse[d] . . . an injunction." Fed. R. Civ. P. 62(d). Rule 8 provides that "[a] party must ordinarily move first in

the district court for . . . a stay of the judgment or order of a district court pending appeal." The factors a court must consider are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc). Plaintiffs argue that a stay is warranted because of the reasons they gave in their motion for a preliminary injunction, and because this court misapplied *Adams ex rel. Kasper v. School Board of St. Johns County*, 57 F.4th 791 (11th Cir. 2022) (en banc), and *Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022). (Doc. 63 at 2). Because this court has already rejected Plaintiffs' substantive arguments, the court concludes that a stay pending appeal for those reasons is not warranted.

With respect to the administrative stay, Plaintiffs cite a concurring opinion from a Supreme Court decision refusing to vacate an administrative stay that the Fifth Circuit entered while it decided whether to enter an injunction pending appeal. (*See* doc. 63 at 3) (citing *United States v. Texas*, 144 S. Ct. 797 (2024) (Barrett, J., concurring in denial of applications to vacate stay)). Justice Barrett, concurring in the denial of applications to vacate the stay, explained the history and purpose of administrative stays in the Supreme Court and the federal appellate courts. *See id.* at

2

798–99. In particular, Justice Barrett stressed that an administrative stay is meant to "permit time for briefing and deliberation" on whether to grant an injunction pending appeal. *Id.* at 798. Nothing in her opinion indicates that it is appropriate for a district court to enter an administrative stay while an appellate court decides whether to enter an injunction pending appeal. It seems more appropriate for the appellate court to enter an administrative stay if it believes that it needs additional time for briefing and deliberation.

Plaintiffs also cite *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004) to support their contention that this court can enter an administrative stay while the Eleventh Circuit decides whether to enter an injunction pending appeal. (Doc. 63 at 3). The *Klay* decision held that a court may grant an injunction under the All Writs Act, 28 U.S.C. § 1651(a), without consideration for "[t]he requirements for a traditional injunction . . . because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns." 376 F.3d at 1100. But the *Klay* decision also held that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* (quotation marks omitted).

As Plaintiffs pointed out in their motion for a preliminary injunction, there is a statutory basis for relief in 5 U.S.C. § 705, which permits "the reviewing court,

3

including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, [to] issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." But Plaintiffs have offered no argument—either in their motion for a preliminary injunction or their emergency motion for a stay pending appeal—about what standard to use in evaluating a request for a stay under § 705.

And the Supreme Court has recently held that "[w]hen Congress empowers courts to grant equitable relief, there is a strong presumption that courts will exercise that authority in a manner consistent with traditional principles of equity." *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024); *see also United States v. Texas*, 599 U.S. 670, 700 (2023) ("[Section] 705 . . . might just confirm courts' authority to issue traditional equitable relief pending judicial review.") (Gorsuch, J., concurring in the judgment). The Eleventh Circuit has also emphasized that where a statute permitting equitable relief is silent about the standard to apply, "it implicitly requires that the traditional requirements for an injunction be met in addition to any elements explicitly specified in the statute." *Klay*, 376 F.3d at 1098; *see id.* at 1099 ("[I]f Congress desired to make such an abrupt departure from traditional equity practice as is suggested, it would have made its desire plain.") (quoting *Hecht Co v. Bowles*, 321 U.S. 321, 329 (1944)). As the court explained above, Plaintiffs' arguments in

their motion for an adminsitrative stay merely repeat their arguments in their motion for a preliminary injunction, and therefore do not warrant issuing a stay pending appeal.

The court **DENIES** Plaintiffs' motion.

**DONE** and **ORDERED** this July 30, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE